IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

KEKO PENNINGTON, #229 617        *

    Petitioner,        *

      v.        *        2:09-CV-576-ID
                              (WO)
J.C. GILES, WARDEN, *et al.*,        *

    Respondents.        *
_____

## O R D E R

Petitioner filed a motion to amend wherein he seeks to present additional claims for relief. Upon consideration of the motion and for good cause, it is

ORDERED that Petitioner's Motion to Amend (*Doc. No. 8*) is GRANTED.

The Clerk is DIRECTED to send a copy of this order and the amended petition *(Doc. No. 8)* to the Attorney General for the State of Alabama and to Warden J.C. Giles. Respondents shall file an answer to the petition, as amended, on or before **August 10, 2009**.

Accordingly, it is further

ORDERED that Respondents are GRANTED an extension from July 24, 2009 to and including August 10, 2009 to file their answer to the petition, as amended.

In filing their answer, Respondents should comply with the provisions of Rule 5 of the rules governing § 2254 cases in the district courts which requires, in pertinent part, that the answer

> . . . indicate what transcripts (of pretrial, trial sentencing, and post-conviction proceedings) are available, when they can be furnished, and also what proceedings haven been recorded and not transcribed.

Rule 5 also requires that Respondents attach to their answer such portions of the transcript as they deem relevant.  Additionally, Respondents should make specific reference to 28 U.S.C. § 2244(d)(1).[1]

Respondents are advised that the answer should contain a procedural history from which the court can determine the applicability of 28 U.S.C. § 2244(d).  In so doing, Respondents shall provide the court with copies of documents indicating the disposition of the case in the state appellate court, including but not limited to the case action summary maintained by the trial court, all state court appellate decisions, the docket sheet(s) indicating the dates of such decisions, and copies of the briefs filed in the state court.  **Respondents are cautioned that if they fail to assert the timeliness issue it may be waived.  Respondents shall also inform the court of whether this is the first habeas petition filed by Petitioner challenging the conviction which is the basis for the instant petition.**  If Petitioner has

---

[1]28 U.SC. § 2244(d) provides:

(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

filed a previous federal habeas application challenging the conviction underlying the present

petition, Respondents shall provide the court with the disposition of such petition.[2]

Section 2254(d)(1) of the AEDPA significantly "modifies the role of federal habeas

courts in reviewing petitions filed by state prisoners." *Williams v. Taylor,* 529 U.S. 362, 403

(2000). In sum, § 2254(d)(1) places new constraints on the power of a federal court to grant

a state prisoner's application for habeas corpus relief with respect to those claims adjudicated

on the merits in state court. Specifically, the statute allows this court to grant a writ of

habeas corpus only "if the relevant state-court decision was either (1) '*contrary to* ... clearly

established Federal law, as determined by the Supreme Court of the United States,' or (2)

'*involved an unreasonable application of* ... clearly established Federal law, as determined

by the Supreme Court of the United States.' (Emphases added.)" *Williams v. Taylor*, 529

U.S. at 404-405. "Under § 2254(d)(1) and the *Williams* decision, [a federal court] can grant

relief only if the state court decision denying relief is 'contrary to' clearly established federal

law or is an 'unreasonable application' of federal law." *Brown v. Head*, 272 F.3d 1308, 1313

(11th Cir. 2001). In the vast majority of cases, a federal district court will be faced with the

contention that the state court unreasonably applied federal law.

> In determining whether the state court's decision is an
> unreasonable application of the law set out in [applicable]
> Supreme Court decisions, we need not decide whether we would
> have reached the same result as the state court if we had been

---

[2]This information is relevant to the disposition of this case as 28 U.S.C. § 2244(b)(3)(A) requires that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." **A prior petition dismissed for failure to exhaust state remedies, however, does not render a subsequent petition successive.**

> deciding the issue in the first instance.  Instead, we decide only whether the state court's decision of the issue is objectively unreasonably.  *See Williams v. Taylor*, 529 U.S. 362, 411, 120 S.Ct. 1495, 1522, 146 L.Ed.2d 389 (2000) ("Under §2254(d)(1)'s 'unreasonable application' clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable."); *Brown v. Head*, 272 F.3d 1308, [1313] (11th Cir. 2001)("It is the objective reasonableness, not the correctness *per se*, of the state court decision that we are to decide.").

*Wright v. Secretary for the Dept. of Corrections*, 278 F.3d 1245, 1256 (11th Cir. 2002).

Additionally, the statute makes it clear that a federal court cannot grant relief with respect to claims adjudicated on the merits by the state courts "unless the adjudication of the claim . . . resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(2).

**If Respondents contend, therefore, that this court is precluded from granting habeas relief because claims raised by Petitioner have been properly adjudicated by the state courts in accordance with clearly established Supreme Court precedent, Respondents must identify to this court the Supreme Court authority on which the state court relied in adjudicating Petitioner's claims and the decision of the state court on each claim**.  Moreover, if Petitioner has not raised his federal claims in the state courts and has an available state court remedy wherein he may present such claims, Respondents shall identify the remedy available to Petitioner.  The court deems such action necessary as the law requires that an application for writ of habeas corpus filed by "a person in custody pursuant

to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State . . ."   28 U.S.C. § 2254(1)(b)(1)(A).  **In addition, if this court is barred from reviewing a petitioner's claims due to his failure to properly present any of the federal claims to the state courts, Respondents shall identify the defaulted claim(s) and provide a basis for the procedural default.**

Where Petitioner alleges ineffective assistance of counsel or insufficiency of the evidence and these claims must be addressed on their merits, the entire trial record must be filed.  The entire trial record should also be filed if Respondents assert that a ruling of the trial court is entitled to a presumption of correctness or if they defend on grounds that a particular ruling did not render the trial "fundamentally unfair" or that a particular error is "harmless error."  The Magistrate Judge recognizes that the burden of producing the state court record is sometimes unduly onerous.  However, it is clear that pursuant to the procedure governing habeas corpus actions, "[t]he obligation to come forward with the state court record is squarely upon the Respondent, not upon the petitioner." *Bundy v. Wainwright*, 808 F.2d 1410, 1415 (11th Cir. 1987).

The Clerk of Court IS  DIRECTED to not accept for filing any pleadings submitted by Petitioner which are not in compliance with either the *Federal Rules of Civil Procedure* or the directives contained in this order.

Done, this 16th day of July 2009.

        /s/ Susan Russ Walker
        SUSAN RUSS WALKER
        CHIEF UNITED STATES MAGISTRATE JUDGE