IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

KEKO PENNINGTON, #229 617     *

    Petitioner,     *

      v.     *     2:09-CV-576-ID
           (WO)
J.C. GILES, WARDEN, *et al.*,     *

    Respondents.     *

_____

**ORDER**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Petitioner on June 19, 2009.[1] In this petition, Petitioner challenges his convictions on seven counts of distribution of cocaine and two counts of distribution of marijuana entered against him by the Circuit Court for Pike County, Alabama, on May 12, 2006. The trial court sentenced Petitioner to a total term of 20 years imprisonment. Petitioner did not file a direct appeal. His convictions, therefore, became final by operation of law on June 23, 2006.

Pursuant to the orders of this court, Respondents filed an answer in which they argue that the instant habeas petition is barred by the one-year limitation period applicable to 28 U.S.C. § 2254 petitions. *See* 28 U.S.C. § 2244(d)(1).[2] Respondents contend that because Petitioner's convictions became final in June 2006 -- **after** the effective date of the statute

---

[1] Because the signature page of Petitioner's petition was neither signed nor dated when he filed his petition with the court and it was, therefore, returned to him for signature, the court considers the present petition as filed in this court on the day it was received. Thus, the court considers June 19, 2009 as the filing date.

[2] Subsection (d) was added by the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA"). This Act became effective on April 24, 1996.

of limitations -- he must have filed his § 2254 petition within a year of these convictions becoming final, exclusive of the time that any properly filed state post-conviction petition was pending in the state courts. Respondents concede that Petitioner filed a Rule 32 petition with the trial court on May 8, 2008. They argue, however, that the petition did not toll the one-year period of limitation because it was filed after expiration of the limitation period and was, therefore, not pending as required by the provisions of 28 U.S.C. § 2244(d)(2) for purposes of tolling the requisite time period. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *Tinker v. Moore*, 255 F.3d 1331, 1333-1335 n.4 (11th Cir. 2001).  Upon review of the pleadings filed in this case and applicable case law, it appears that Petitioner's § 2254 petition is precluded from review by this court as it was filed outside the applicable period of limitation.

28 U.S.C. § 2244(d)(1)(A) directs that the limitation period for filing a 28 U.S.C. § 2254 petition begins to run on the date when the time for seeking direct review of the challenged judgment expires. Petitioner entered a plea of guilty to seven counts of distribution of cocaine and two counts of distribution of marijuana in the Circuit Court for Pike County, Alabama, on May 12, 2006 and was sentenced to 20 years imprisonment. Petitioner did not file a direct appeal of his convictions or sentence. Since Petitioner failed to undertake the direct appeal process, he could not petition the United States Supreme Court for review of his convictions. By operation of law, Petitioner's convictions became final on June 23, 2006- forty-two days after imposition of sentence as this is the date on which his time to seek direct review expired. *See* Rule 4(b)(1), *Alabama Rules of Appellate Procedure*. The one-year period of limitation contained in section 2244(d)(1)(A), therefore, began to run on this date and ran uninterrupted until the limitation period expired on June 23, 2007. *(Doc. No. 14, Exh. A.)*

28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." Although Petitioner filed a Rule 32 petition, this petition was not pending during the running of the limitation period as it was filed after expiration of this time period.[3] "[E]ven 'properly filed' state-court petitions must be 'pending' [during the one-year period of limitation] in order to toll the limitations period. A state court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled." *Webster,* 199 F.3d at 1259; *see also Tinker*, 255 F.3d at 1333, 1335. n.4 (11th Cir. 2001) ("[A] properly filed petition in state court only tolls the time remaining within the federal limitation period."). It is, therefore, clear that the state post-conviction petition filed by Petitioner on May 8, 2008 had no affect on the running of the limitation period applicable to the instant federal habeas petition. *Webster*, 199 F.3d at 1259. (*Doc. No. 14, Exhs. A, D*.)

Under the circumstances of this case as outlined in this order, the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1) expired prior to Petitioner filing the instant § 2254 petition. In light of the foregoing, it is

ORDERED that on or before September 18, 2009 Petitioner shall show cause why his federal habeas petition should not be denied as it was not filed within the one-year limitation period established by 28 U.S.C. § 2244(d)(1).

---

[3] Petitioner filed a Rule 32 petition in state court on May 8, 2008 - more than 1 year and ten months after § 2244(d)'s one-year period of limitation had expired.

Done, this 28th day of August 2009.

                                 /s/ Susan Russ Walker
                                 SUSAN RUSS WALKER
                                 CHIEF UNITED STATES MAGISTRATE JUDGE