IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

KEKO PENNINGTON, #229 617           *

    Petitioner,                              *

        v.                                        *       2:09-CV-576-ID
                                                         (WO)
J.C. GILES, WARDEN, *et al.*,         *

    Respondents.                           *

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Petitioner on June 19, 2009.[1] In this petition, Petitioner challenges the convictions on seven counts of distribution of cocaine and two counts of distribution of marijuana entered against him by the Circuit Court for Pike County, Alabama, on May 12, 2006. The trial court sentenced Petitioner to a total term of 20 years' imprisonment. Petitioner did not file a direct appeal. His convictions, therefore, became final by operation of law on June 23, 2006.

Pursuant to the orders of this court, Respondents filed an answer in which they argue that the instant habeas petition is barred by the one-year limitation period applicable to 28 U.S.C. § 2254 petitions. *See* 28 U.S.C. § 2244(d)(1).[2] Respondents contend that because

---

[1] Because the signature page of Petitioner's petition was neither signed nor dated when he filed his petition with the court -- and it was, therefore, returned to him for signature -- the court considers the present petition as filed in this court on the day it was received. Thus, the court considers June 19, 2009, as the filing date.

[2] Subsection (d) was added by the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA"). This Act became effective on April 24, 1996.

Petitioner's convictions became final in June 2006 -- **after** the effective date of the statute of limitations -- he must have filed his § 2254 petition within a year of these convictions becoming final, exclusive of the time that any properly filed state post-conviction petition was pending in the state courts. Respondents concede that Petitioner filed a Rule 32 petition with the trial court on May 8, 2008. They argue, however, that the petition did not toll the one-year period of limitation because it was filed after expiration of the limitation period and was, therefore, not pending as required by the provisions of 28 U.S.C. § 2244(d)(2) for purposes of tolling the requisite time period. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *Tinker v. Moore*, 255 F.3d 1331, 1333-1335 n.4 (11th Cir. 2001).

Based on Respondents' argument, the court entered an order advising Petitioner that he had failed to file the present federal habeas petition within the one-year limitation period established by 28 U.S.C. § 2241(d)(1). (*Doc. No. 15*.) The order also gave Petitioner an opportunity to show cause why his petition should not be barred from review by this court. (*Id.*) Petitioner filed his response on September 10, 2009. (*Doc. No. 16*.) Upon review of the pleadings filed by the parties and applicable federal law, the court concludes that the pending § 2254 petition for writ of habeas corpus relief is due to be denied as it was not filed within the requisite one-year period of limitations.

## I. DISCUSSION

*A. Statute of Limitations*

28 U.S.C. § 2244(d)(1)(A) directs that the limitation period for filing a 28 U.S.C. § 2254 petition begins to run on the date when the time for seeking direct review of the challenged judgment expires. Petitioner entered a plea of guilty to seven counts of distribution of cocaine and two counts of distribution of marijuana in the Circuit Court for

Pike County, Alabama, on May 12, 2006 and was sentenced to 20 years' imprisonment.[3] Petitioner did not file a direct appeal of his convictions or sentence. Since Petitioner failed to undertake the direct appeal process, he could not petition the United States Supreme Court for review of his convictions. By operation of law, Petitioner's convictions became final on June 23, 2006 – forty-two days after imposition of sentence, as this is the date on which his time to seek direct review expired. *See* Rule 4(b)(1), *Alabama Rules of Appellate Procedure*. The one-year period of limitation contained in section 2244(d)(1)(A), therefore, began to run on this date and ran uninterrupted until the limitation period expired on June 23, 2007. *(Doc. No. 14, Exh. A.)*

   *i. Statutory Tolling*

28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." Although Petitioner filed a Rule 32 petition, this petition was not pending during the running of the limitation period as it was filed after expiration of this time period.[4] "[E]ven 'properly filed' state-court petitions must be 'pending' [during the one-year period of limitation] in order to toll the limitations period. A state court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no

---

[3]The evidence before the court reflects that Petitioner entered a plea of guilty to seven different counts of unlawful distribution of cocaine and two different counts of unlawful distribution of marijuana. Petitioner, who had one prior felony conviction, was sentenced in each case to ten years imprisonment plus a five year school sale enhancement plus five years for a housing development sale enhancement for a total of twenty years imprisonment in each case. The sentences in each case were ordered to run concurrently. (*Doc. No. 14, Exh. A.*)

[4]Petitioner filed a Rule 32 petition in state court on May 8, 2008 -- more than one year and ten months after § 2244(d)'s one-year period of limitation had expired. (*See Doc. No. 14, Exh. A.*)

period remaining to be tolled." *Webster,* 199 F.3d at 1259; *see also Tinker*, 255 F.3d at 1333, 1335. n.4 (11th Cir. 2001) ("[A] properly filed petition in state court only tolls the time remaining within the federal limitation period."). It is, therefore, clear that the state post-conviction petition filed by Petitioner on May 8, 2008 had no effect on the running of the limitation period applicable to the instant federal habeas petition. *Webster*, 199 F.3d at 1259. (*Doc. No. 14, Exhs. A, D.*)

*ii. Equitable Tolling*

The limitation period "may be equitably tolled" on grounds apart from those specified in the habeas statute "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). "Equitable tolling can be applied to prevent the application of AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition." *Helton v. Sec'y for Dep't of Corr.,* 259 F.3d 1310, 1312 (11th Cir.2001); *Jones v. United States,* 304 F.3d 1035, 1039-40 (11th Cir. 2002); *Drew v. Department of Corrections,* 297 F.3d 1278, 1286 (11th Cir. 2002). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Id.* at 1286.

The court has reviewed Petitioner's response to the court's order that he show cause why his petition should not be denied and dismissed as barred by the one-year limitation period. In his response, Petitioner argues that the limitation period should be equitably tolled because he initiated proceedings challenging the validity of his plea agreement and the sentence imposed as soon as he learned of the breach which, Petitioner claims, occurred once he was in the custody of the Alabama Department of Corrections and received his first

inmate summary sheet.  (*Doc. No. 16*.)

There is no evidence in the record tending to show that Petitioner's delay in filing the instant § 2254 petition was the result of extraordinary circumstances that were both beyond his control and unavoidable with the exercise of diligence.  Petitioner's assertion that he is entitled to equitable tolling because he did not understand the terms of the sentence imposed on him until some point after his entry into the custody of the Department of Corrections is insufficient to establish the extraordinary circumstances required to toll the limitation period.  Under the circumstances of this case, this court cannot agree with Petitioner's assertions of entitlement to equitable tolling because he has failed to show that the delay in filing the instant § 2254 petition resulted from extraordinary circumstances beyond his control and unavoidable with the exercise of diligence.

The record in this case establishes that Petitioner participated in the proceedings from which his habeas claims arise.  He, therefore, had either actual or constructive knowledge of the factual basis for each of the claims presented to this court challenging the constitutionality of his convictions.  He has failed to demonstrate that the claims he seeks to present in the instant petition are claims he could not have presented to this court in a timely filed § 2254 petition.  Additionally, the court notes that no government impediment existed to the presentation of any of the claims presented to this court nor are these claims based on a newly recognized constitutional right.

Petitioner's claims, therefore, fail to meet the exceptions to determining finality of judgment contained in 28 U.S.C. § 2244(d)(1)(B), (C) and (D).  The record is devoid of evidence that Petitioner's delay in filing the instant § 2254 petition resulted from extraordinary circumstances beyond his control and unavoidable with the exercise of

diligence. The reasons set forth by Petitioner for his untimeliness are insufficient to establish the extraordinary circumstances required to warrant equitable tolling of the limitation period. He has likewise presented nothing which demonstrates that he acted diligently in pursuing his federal claims. Thus, this court "cannot say that [Petitioner] has acted with the 'conscience, good faith, and reasonable diligence' necessary 'to call into action the powers of the court.' This conclusion is based on the longstanding, firmly rooted principle that a court cannot grant equitable tolling unless it is satisfied that the party seeking such relief has acted with diligence." *Drew*, 297 F.3d at 1291 n.5. Consequently, Petitioner is not entitled to equitable tolling of the limitation period as he has shown neither extraordinary circumstances nor the diligence necessary to equitably toll the statute. Moreover, no basis exists for statutory tolling.

Petitioner filed the instant petition for federal habeas corpus relief on June 19, 2009. Under the facts of this case, the time allowed Petitioner for filing a federal habeas petition expired on June 23, 2007. The limitation period, therefore, lapsed more than one year prior to Petitioner filing this federal habeas action, and he has failed to demonstrate that his petition should not be dismissed as untimely filed.

## II. CONCLUSION

In light of the foregoing, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief filed by Keko Pennington be DENIED and DISMISSED with prejudice as time-barred.

It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before **May 17, 2011**. Any objections filed must specifically identify the findings in the

Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 3rd day of May, 2011.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE